**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Prize Energy Resources, L.P., ) | No. CV 08-8090-PCT-JAT |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Santa Fe Pacific Railroad Company, ) | |
| Defendant. ) | |

Pending before the Court is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15). The Court has considered Defendant's Motion (Doc. #15), Plaintiff's Response (Doc. #17), Defendant's Reply (Doc. #18), and Defendant's Notice of Supplemental Authority (Doc. #19). For the following reasons, the Court grants Defendant's Motion to Dismiss.

**I. BACKGROUND**

On October 8, 1987, Defendant Santa Fe Pacific Railroad Company ("SFPRR") purportedly entered into a Lease Option Agreement with Santa Fe Energy Company. (Doc. #9, at 3). Plaintiff Prize Energy Resources ("Prize") claims it has succeeded to Santa Fe Energy Company's rights and obligations under the Lease Option Agreement as the result of mergers and other transactions. (Doc. #9, at 3). Prize claims that SFPRR breached its

1 obligations under the Lease Option Agreement regarding land in Mohave County, Arizona
2 and filed its First Amended Complaint. (Doc. #9, at 6).

3 SFPRR filed its Motion to Dismiss for Lack of Subject Matter Jurisdiction pursuant
4 to Federal Rule of Civil Procedure 12(b)(1). (Doc. #15).  Prize argues that the Court has
5 subject matter jurisdiction pursuant to 28 U.S.C.§ 1332(a), which requires an amount in
6 controversy of greater than $75,000 between citizens of different states.  The amount in
7 controversy does exceed $75,000 (this point is undisputed).  Also, Prize claims diversity of
8 citizenship exists because Prize is a citizen of Delaware and Colorado and SFPRR is either
9 1) a citizen of New Mexico or Arizona (Doc. #17, at 5-8) or, alternately, 2) a citizen of the
10 District of Columbia (Doc. #17, at 8-10).  SFPRR claims that this Court lacks subject matter
11 jurisdiction because SFPRR is a federally chartered corporation that is not a citizen of any
12 state for purposes of diversity jurisdiction. (Doc. #15).

14 **II.  LEGAL STANDARD**

15 "Federal Rule of Civil Procedure 12(b)(1) allows litigants to seek the dismissal of an
16 action from federal court for lack of subject matter jurisdiction." Tosco Corp. v.
17 Communities for a Better Environment, 236 F.3d 495, 499 (9th Cir. 2001); Fed. R. Civ. P.
18 12(b)(1).  On a motion to dismiss for lack of subject matter jurisdiction, "the party asserting
19 diversity jurisdiction bears the burden of proof." Id.; Lew v. Moss, 797 F.2d 747, 749 (9th
20 Cir. 1986).

21 Subject matter jurisdiction can be established if the case involves a federal question,
22 28 U.S.C. 1331, or involves diversity of citizenship (diversity jurisdiction), 28 U.S.C. 1332.
23 The Court has diversity jurisdiction in cases between citizens of different states involving
24 claims greater than $75,000 pursuant to 28 U.S.C. § 1332, which provides:  "The district
25 courts shall have original jurisdiction of all civil actions where the matter in controversy
26 exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . .
27 citizens of different States."  28 U.S.C. § 1332(a)(1).

1   The general rule for determining diversity jurisdiction for a corporation is that "a
2   corporation shall be deemed to be a citizen of any State by which it has been incorporated
3   and of the State where it has its principal place of business." 28 U.S.C. § 1332(c).

4   Federally chartered corporations (those organized under an act of Congress), however,
5   are not subject to this general rule. For purposes of diversity jurisdiction, such corporations
6   are not citizens of any particular state. Bankers' Trust Co. V. Texas & Pac. Ry., 241 U.S.
7   295, 309 (1916) (finding that the Texas & Pacific Railway Company was a federally
8   chartered corporation and not a citizen of any state); Hancock Fin. Corp. V. Fed. Sav. and
9   Loan Ins. Corp., 492 F.2d 1325, 1329 (9th Cir. 1974) ("we hold that because the
10  [corporation] is an agency and instrumentality of the federal government it is not a citizen
11  of any particular state for diversity purposes").

12  Courts, however, have recognized situations in which federally chartered corporations
13  will be considered a citizen of a state. First, a federally chartered corporation whose conduct,
14  "in fact or by its charter", is localized in a particular state will be considered a citizen of that
15  state for purposes of diversity jurisdiction (the *localization* exception). Burton v. United
16  States Olympic Comm., 574 F. Supp. 517, 519 (C.D. Cal. 1983); see Bankers' Trust, 241
17  U.S. at 309. Second, a federally chartered corporation in which Congress specifically
18  granted state citizenship for jurisdictional purposes will be treated as such. National banks,
19  for example, are considered state citizens for purposes of diversity jurisdiction because of an
20  explicit statutory provision. 28 U.S.C. § 1348 ("All national banking associations shall, for
21  the purposes of all other actions by or against them, be deemed citizens of the States in which
22  they are respectively located.").

23

24  **III. DISCUSSION**

25  Prize has asserted diversity jurisdiction and therefore bears the burden of proof.
26  Tosco, 236 F.3d at 499; Lew, 797 F.2d at 749. Diversity jurisdiction is proper when the
27  parties are "citizens of different states," 28 U.S.C. 1332(a)(1), and the amount in controversy
28  exceeds $75,000, 28 U.S.C. 1332(a). The amount in controversy here is undisputed, as is

1  Prize's citizenship for purposes of diversity (Delaware and Colorado). (Doc. #9, at 2). The
2  issue here centers on the citizenship, for diversity purposes, of SFPRR.

3  It must first be determined if SFPRR is indeed a federally chartered corporation and
4  therefore not a citizen of any state for purposes of diversity jurisdiction. The Atlantic and
5  Pacific Railroad Company was incorporated by an act of Congress on July 27, 1866 ("1866
6  Act"). Act of July 27, 1866, ch. 278, 14 Stat. 292. Congress subsequently passed an
7  additional act ("1897 Act") providing that a new company formed by a mortgage foreclosure
8  sale of property held by the Atlantic and Pacific Railroad Company shall posses the "same
9  rights, powers, privileges, grants, and franchises" granted in the 1866 Act. Act of March 3,
10 1897, ch. 374, 29 Stat. 622. The Atlantic and Pacific Railroad Company "defaulted on its
11 bonds, the mortgage was foreclosed, and a sale effected to the Santa Fé Pacific Railroad
12 Company [SFPRR] . . . which became possessed of all the rights granted by the Act of July
13 27, 1866, to the mortgagor company." Santa Fe Pac. R. Co. v. Work, 267 U.S. 511, 514
14 (1925). It is therefore apparent that SFPRR, as the successor to the Atlantic and Pacific
15 Railroad Company, is indeed a federally chartered corporation. Prize has also acknowledged
16 SFPRR's status as a federally chartered corporation. (Doc. #17, at 3-4).

17 Prize argues that, even through SFPRR is a federally chartered corporation, it is
18 nonetheless subject to diversity jurisdiction under the *localization* exception because its
19 activities are "localized" in Arizona or New Mexico. (Doc. #17, at 5-8). Prize, however, has
20 not established that SFPRR is localized either in *fact* or by *charter* to a particular state. See
21 Burton, 574 F. Supp. at 519; Bankers' Trust, 241 U.S. at 309. There is no indication in either
22 the 1866 Act or the 1897 Act that Congress intended "by charter" to localize the operation
23 of SFPRR or its predecessor to a single state.

24 On the issue of "in fact" activity, Prize asks the Court, under its discretion, for
25 permission to conduct limited discovery on the issue of SFPRR's localization in any state.
26 Prize's own pleadings state that SFPRR conducts activity in at least New Mexico, Arizona,

1 Texas, and potentially the District of Columbia.[1] Based on these admissions by Prize along
2 with a recent decision of a Texas District Court, noting that SFPRR "does business in several
3 states," (Doc. #19-2, at 3), the Court cannot find sufficient grounds to order further discovery
4 on this issue. The Court therefore concludes that Prize failed to establish that SFPRR is
5 localized in any one state so as to trigger the localization exception.

6 As an alternate theory, Prize claims that diversity jurisdiction exists because SFPRR
7 is a citizen of the District of Columbia. Pursuant to 28 U.S.C. 1332(e), the District of
8 Columbia is considered a "state" for purposes of diversity jurisdiction. Prize argues that
9 because SFPRR held itself out as a District of Columbia corporation, it is therefore a citizen
10 of a "state" for purposes of diversity jurisdiction.

11 In support of this argument, Prize relies on the decision of a New Mexico District
12 Court in Food Machinery & Chemical Corp. v. Marquez, 139 F.Supp. 421 (D.N.M. 1956).
13 (Doc. #17, at 8-10). In that case, the court was confronted with the same question regarding
14 SFPRR's citizenship for diversity purposes. The court held that SFPRR, as a "company
15 organized by and under the laws of the Congress of the United States," is a citizen of a state
16 for the purposes of diversity jurisdiction. The court reasoned that SFPRR is "a corporation
17 intended to operate in all the states, as a citizen of the District of Columbia."[2] Marquez, 139
18 F.Supp. at 424.

19 The Ninth Circuit, however, has considered a similar issue and has concluded that a

---

[1] Prize argues that SFPRR conducts activities in *both* Arizona and New Mexico, but fails to argue that SFPRR conducts activities *primarily* in any one state. (Doc. #17, at 5-8). In addition, Prize stated that SFPRR is a citizen of New Mexico and Texas (Doc. #9, at 2), that SFPRR owns land in Arizona, Id., has a principle place of business in Texas, Id., and is incorporated in the District of Columbia, (Doc. #17, at 8).

[2] The Marquez court also reasoned that Congress intended to open the federal courts to SFPRR by stating that the company "shall be able to sue and be sued . . . in all courts of law and equity within the United States." Act of July 27, 1866, ch. 278, 14 Stat. 292, 293. This Court, however, interprets this language as providing that SFPRR is a jural entity, capable of suing and being sued, and not as intending to provide state citizenship for purposes of diversity jurisdiction.

- 5 -

presence in the District of Columbia is not sufficient to create diversity:

> If federal corporations whose principal place of business is located in the District of Columbia were to be considered citizens of that District, diversity jurisdiction would be expanded to almost all suits involving federally chartered corporations.  This would be a result not intended by Congress.  Before 1948 all suits by or against any federally chartered corporation were deemed to involve a federal question.  In 1948 Title 28 U.S.C., Section 1349 was passed by Congress providing that a federal question is involved only in suits where over one-half of the stock of the federal corporation is owned by the United States.  This Congressional attempt to limit federal court jurisdiction would be nullified by defendant's interpretation of diversity jurisdiction which would give federal jurisdictions to almost all suits involving federally chartered corporations . . . ." Hancock Financial, 492 F.2d at 1329.

Finding that a federally chartered corporation is a citizen of a state based only on the fact that it is incorporated in the District of Columbia would suffer from the same problem identified by the Ninth Circuit in Hancock Financial.  Therefore, assuming that SFPRR is indeed incorporated in the District of Columbia, this fact alone is not enough to establish diversity jurisdiction.

**IV.  CONCLUSION**

Prize has not satisfied its burden of establishing diversity of citizenship.  The Court therefore holds that it does not have proper subject matter jurisdiction over SFPRR. Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #15) is **GRANTED**.

DATED this 22nd day of January, 2009.

James A. Teilborg
United States District Judge