1  **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OFARIZONA

| | |
|---|---|
| Prize Energy Resources, L.P., | No. CV 08-8090-PCT-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Santa Fe Pacific Railroad Company, | |
| Defendant. | |

Pending before the Court is Defendant Santa Fe Pacific Railroad Company's ("SFPRR") Motion for Attorneys' Fees (Doc. #22) under A.R.S. § 12-341.01. For the following reasons, the Court grants SFPRR's motion.

**I.  BACKGROUND**

On July 25, 2008, Plaintiff Prize Energy Resources, L.P. ("Prize") commenced this action for breach of contract. (Compl. at ¶ 20.) On August 11, 2008, Prize filed an amended complaint alleging that SFPRR was a citizen of New Mexico and Texas. (Doc. #9 at 2, lines 18-19.) Prize based this information upon SFPRR's public filings. (Doc. #24 at 3, lines 1-2.)

On August 25, 2008, SFPRR filed a motion to dismiss for lack of jurisdiction (Doc. #15) on the grounds that it is a federal corporation that is not subject to citizenship, for the purposes of diversity jurisdiction, in any one state. On September 29, 2009, Prize filed a response in opposition to SFPRR's motion to dismiss (Doc. #17) alleging that SFPRR is a

1 | citizen of New Mexico or Arizona under a localization exception (Doc. #17 at 5-8), and, alternatively, that SFPRR is a citizen of District of Columbia where it was incorporated. (Doc. #17 at 8-10.) On January 22, 2009, the Court granted SFPRR's motion to dismiss. (Doc. #20.) On February 5, 2009, SFPRR filed its Motion for Attorneys' Fees and Costs. (Doc. #22.)

**II.    AWARD OF ATTORNEYS' FEES UNDER ARIZONA LAW**

Under Arizona law, "[i]n any contested action arising out of a contract, express or implied, the Court may award the successful party reasonable attorney fees." § 12-341.01(a). There is no dispute between the parties regarding whether this case arises "out of a contract." Thus, the Court must first determine whether SFPRR is the "successful party" within the meaning of the statute. Secondly, if the Court finds that SFPRR is the "successful party," the Court must determine whether awarding fees to SFPRR is appropriate. Finally, the Court must determine if the amount of fees SFPRR seeks is reasonable.

**A.    SFPRR Is the Successful Party**

Prize argues that SFPRR is not a "successful party" within the meaning of the statute because the substantive merits of the case have not yet been decided. (Doc. #24 at 7, lines 17-19.) The Court disagrees with Prize and agrees with SFPRR that the holding in Harris v. Reserve Life Ins. Co., 762 P.2d 1334, 1339 (Ariz. Ct. App. 1988) (holding that a party who successfully moves to dismiss is a "successful party" for purposes of §12-341.01) continues to be good law. The Court finds that the cases upon which Prize relies to refute this precedent are inapposite. (Doc. #25 at 4, lines 1-2.)

Prize argues that McMurray v. Dream Catcher USA, Inc., 202 P.3d 536 (Ariz. Ct. App. 2009) eliminates the precedential value of Harris. Id. at 540. The Court finds that McMurray does not affect Harris because McMurray deals with A.R.S. § 12-1364 and expressly distinguishes itself from cases under §12-341.01. Moreover, the Court disagrees with the Arizona Court of Appeals' suggestion in McMurray that Mark Lighting Fixture Co., Inc. V. Elec. Supply Co., 745 P.2d 85 (Ariz. Ct. App. 1986), vacated on other

- 2 -

grounds, 745 P.2d 85 (Ariz. 1987), has no precedential value because it was vacated. Because it was vacated on grounds other than those relevant to this case, Mark Lighting still has precedential value as demonstrated by the numerous courts that have held as such. See, e.g., Vescel Partners v. Scottsdale Conference Ctr., 1994 U.S. App. LEXIS 16413 (9th Cir. 1994); Dahn World Co. Ltd. v. Chung, 2006 WL 3313951 (D. Ariz. 2006); Fain Land & Cattle Co. v. Hassell, 790 P.2d 242 (Ariz. 1990); Harris, 762 P.2d at 1339.

Prize further argues that the Court should rely on U.S. Insulation, Inc. V. Hilro Const. Co., 705 P.2d 490, 499 (Ariz. Ct. App. 1985) and Esmark, Inc. v. McKee, 578 P.2d 190, 193 (Ariz. Ct. App. 1978). The Court finds that Hilro and Esmark are distinguishable because they deal with cases that had not been decided on the merits because they had been remanded; whereas, this case has not been decided on the merits because it was dismissed. Even if these two cases were not distinguishable, they predate the Arizona Supreme Court's decision in Wagenseller v. Scottsdale Memorial Hosp., 710 P.2d 1025 (Ariz. 1985) in which the court rejected the argument that a party is not the "successful party" until it succeeds on the merits. Id. at 1041.

The Court finds that this case is similar to Dahn World Co. Ltd. v. Chung, 2006 WL 3313951 (D. Ariz. 2006) where the plaintiff's amended complaint was dismissed, and the litigation was appropriately continued in a different district. Although the merits of the case were yet to be determined, this Court in Dahn considered the defendant to be a "successful party" because it "sought and received dismissal of the Amended Complaint which was precisely the relief sought." Id. at 5.

In this case, SFPRR sought and was granted a motion to dismiss for lack of subject matter jurisdiction; it is therefore a successful party within the meaning of the statute.

**B.  An Award of Attorneys' Fees is Appropriate**

The trial court has discretion when determining whether to award attorneys' fees. Associated Indem. Corp. v. Warner, 694 P.2d 1181, 1183 (Ariz. 1985). The court in

1 Warner provides six factors that courts should consider when determining whether it is
2 appropriate to award attorneys' fees. Id. at 1184. These factors include: (1) the merits of
3 the unsuccessful party's claim or defense; (2) whether the case could have been avoided
4 or settled and whether the unsuccessful party's efforts were superfluous in that effort; (3)
5 whether assessing fees against the unsuccessful party would create extreme hardship; (4)
6 whether the successful party obtained all the relief sought; (5) the novelty of the legal
7 question presented and whether the claim or defense has previously been adjudicated; and
8 (6) and whether the award of attorneys' fees in this case would discourage other parties
9 with valid claims or defenses from litigating legitimate contract issues because those
10 parties would be afraid of incurring liability for a large amount of attorneys' fees. Id. No
11 single factor is determinative, and the Court must weigh all factors when determining
12 whether to award attorneys' fees. Wilcox v. Waldman, 744 P.2d 444, 450 (Ariz. Ct. App.
13 1987); see also Moedt v. Gen. Motors Corp., 60 P.3da 240, 246 (Ariz. Ct. App. 2000)
14 ("The weight given to any one factor is within the Court's discretion."). When weighing
15 the above factors, the party requesting fees has the burden of proving entitlement. Woerth
16 v. City of Flagstaff, 808 P.2d 297, 305 (Ariz. Ct. App. 1991).

### 1. Prize's Claim Was Not Without Merit

Although the Court decided against Prize's arguments, the arguments were not completely without merit. Prize's initial filing was supported by evidence (SFPRR's public filings) that New Mexico was SFPRR's state of domicile. While the Court agrees with SFPRR that it cannot be expected to explain in every transaction its status as a federal corporation, neither can the Court consider Prize's argument void of merit on the grounds that it lacked that knowledge. Furthermore, Prize's argument regarding SFPRR's incorporation in District of Columbia was not completely without merit. The Court finds that Prize's reliance on Food Machinery & Chemical Corp. v. Marquez, 139 F. Supp. 421, 424 (D.N.M. 1956) was reasonable because Marquez raised questions regarding how this Court would interpret a provision in the statute that created SFPRR. Although the Ninth Circuit had

considered a similar issue, the precise issue in Marquez had not been adjudicated in this jurisdiction. Because that particular issue had not been adjudicated, Prize's claim was not void of merit.

The Court therefore finds that this factor favors Prize.

### 2. The Case Could Have Been Avoided

SFPRR contends that this case could have been avoided if Prize had considered SFPRR's federal citizenship before bringing suit. (Doc. #23 at 3, lines 14-16.) SFPRR further contends that Prize could have avoided or significantly reduced the fees incurred if it had withdrawn its complaint and refiled it in state court. Prize makes no effort to dispute these claims.

The Court therefore finds that this factor favors SFPRR.

### 3. A Fee Award Would Not Impose Extreme Hardship on Prize

SFPRR argues that nothing in the record suggests that granting its motion would impose extreme hardship on Prize. (Doc. #23 at 3, lines 20-23.) Prize made no effort to dispute this claim.

The Court therefore finds that this factor strongly favors SFPRR.

### 4. SFPRR Received All the Relief Sought

The "relief sought" factor pertains only to remedies requested of *this* Court. See Best Western Intern. Inc. v. Mahroom, 2008 WL 2116917 (D. Ariz. 2008). Because the Motion to Dismiss was the only relief that SFPRR was seeking from this Court, SFPRR received all the relief that it sought.

Therefore, the Court finds that this factor strongly favors SFPRR.

### 5. Prize's Legal Question Was Novel in One Aspect

Prize argues that the legal question at hand is a novel issue. Although no previous Arizona case had dealt with the issue of subject matter jurisdiction for federal corporations, the issue does not involve a recent jurisdictional standard. The controlling law was established in the Supreme Court's decision in Bankers' Trust v. Texas & Pacific Ry., 241

U.S. 295, 309-310 (1916). On the other hand, Prize's argument that SFPRR is a citizen of D.C. could be considered a novel issue because, although this jurisdiction had considered a similar issue in <u>Hancock Fin. Corp. v. Fed. Sav. and Loan Ins. Corp.</u>, 492 F.2d 1325, 1329 (9th Cir. 1974), the District of New Mexico's decision in <u>Marquez</u> raised questions as to how this Court would interpret a particular provision of the statute creating SFPRR. <u>Marquez</u>, 139 F.2d at 424.

On one hand, the novelty of the issue mentioned above could not have affected Prize's decision to bring this claim in federal court because Prize was unaware of the federal corporation exception until SFPRR filed its Motion to Dismiss. On the other hand, the novelty of the issue may have influenced Prize's decision not to withdraw the complaint. Balancing that Prize's claim that SFPRR was a citizen of New Mexico was not novel, while the claim that SFPRR was a citizen of District of Columbia was, the Court finds that this factor marginally favors Prize.

### 6. A Fee Award Would Not Chill the Pursuit of Meritorious Claims

SFPRR argues that a fee award will not deter future claims as evidenced by the fact that Prize was not deterred in refiling this claim in state court. (Doc. #23 at 4, lines 18-26.) It further argues that an award would only deter potential plaintiffs from bringing claims that are not sufficiently investigated or that are not appropriately brought in federal court. Prize does not dispute these claims. The Court therefore finds that this factor favors SFPRR.

After considering the factors outlined above, the Court finds that an award of attorneys' fees under A.R.S. § 12-341.01 for SFPRR's defense of Prize's breach of contract claim is appropriate.

### C. The Amount of Fees Sought Is Reasonable

Finally, the Court must determine whether the fees requested are reasonable. When analyzing attorneys' fees for reasonableness, the Court must determine that: (1) the hourly billing rate is reasonable; and (2) the hours expended on the case are reasonable. <u>See Schweiger v. China Doll Rest. Inc.</u>, 673 P.2d 927, 931-32 (Ariz. Ct. App. 1993).

1 In determining a reasonable hourly rate, "the rate charged by the lawyer to the client
2 is the best indication of what is reasonable under the circumstances of the particular case."
3 <u>Id</u>. The court has reviewed the Affidavit in Support of Motion for Attorneys' Fees (Doc. #23,
4 Attachment #1) and notes that Prize has objected to neither the hourly rates charged by
5 SFPRR's counsel nor the number of hours expended. The Court therefore finds that the
6 hourly rates charged and the hours expended are reasonable.

**III.   AWARD OF COSTS FOR ELECTRONIC RESEARCH**

Arizona law allows electronic research charges to be recovered by the successful party as an element of an award of attorneys' fees under A.R.S. § 12-341.01. See <u>Ahwatukee Custom Estates Management Ass'n, Inc. v. Bach</u>, 973 P.2d 106, 108-09 (Ariz. 1999); <u>Matter of Liquidation of Azstar Cas. Co. Inc.</u>, 938 P.2d 76, 78 (Ariz. Ct. App. 1996).

SFPRR requests an award of costs for electronic research in the amount of $466.65. The Court finds that this award is more appropriate as an element of the award of attorneys' fees, <u>Ahwatukee</u>, 973 P.2d at 108-09; <u>Matter of Liquidation</u>, 938 P.2d at 78, and will treat it as such.

The Court therefore finds the request for electronic research charges as an element of the award for attorneys' fees to be appropriate under A.R.S. § 12-341.01.

**IV.  CONCLUSION**

The Court finds that an award of attorneys' fees for SFPRR's defense of Prize's breach of contract claim is appropriate under A.R.S. § 12-341.01.

Accordingly,

**IT IS ORDERED** that SFPRR's Motion for Attorneys' Fees and Costs (Doc. #22) is **GRANTED**. SFPRR is awarded attorneys' fees in the amount of $20,755.95.

DATED this 24th day of June, 2009.

_____
James A. Teilborg
United States District Judge